UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROBERT JACKSON (#109827)                                CIVIL ACTION

VERSUS

KEVIN BENJAMIN, ET AL.                                  NO. 09-0358-JVP-CN


NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 16, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT JACKSON (#109827)**                                    **CIVIL ACTION**

**VERSUS**

**KEVIN BENJAMIN, ET AL.**                                     **NO. 09-0358-JVP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Kevin Benjamin and Lt.Col. Chad Darbonne, alleging that his constitutional rights were violated in April, 2009, when he was denied consideration for trustee status and was instead charged with a false disciplinary report and was ultimately sentenced to extended lockdown.

In his original Complaint, the plaintiff acknowledged that whereas he commenced an administrative grievance at LSP relative to the claim asserted herein, he had not yet received a response thereto.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison <u>prior to</u> commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all suits about prison life". <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002).  Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

procedures before filing a suit related to prison conditions.  <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the Complaint that an inmate has failed to exhaust the prison grievance procedures, a dismissal <u>sua sponte</u> is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted.  <u>See</u> <u>Tanner v. Federal Bureau of Prisons</u>, 475 F.Supp.2d 103 (D.D.C. 2007).  <u>See also</u> <u>Clifford v. Louisiana</u>, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff has admitted in his Complaint that he did not exhaust administrative remedies relative to his claim prior to the filing of the instant lawsuit.  This conclusion is further borne out by the plaintiff's assertion that he filed his grievance in late April, 2009, and forwarded an inquiry with respect thereto in late May, 2009, to which inquiry he had received "no response" at the time of filing of the Complaint in June, 2009.  Considering the delays required for completion of the two-step grievance process through the prison administrative procedure, these dates do not allow sufficient time for exhaustion of administrative remedies prior to the filing of the plaintiff's Complaint.  Accordingly, because the affirmative defense appears clear on the face of the Complaint, the plaintiff's Complaint is subject to dismissal, <u>sua sponte</u>, for failure to exhaust administrative

remedies pursuant to 42 U.S.C. § 1997e.

RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

Signed in chambers in Baton Rouge, Louisiana, July 16, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**